FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/12/2015 3:27:08 PM
JAMIE SMITH
DISTRICT CLERK
B-197238

CAUSE NO: _____

| | | |
|---|---|---|
| TEMEIKA GUILLORY<br>　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| JAMES B. MATSON AND<br>STI LEASING, LLC<br>　Defendants. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TEMEIKA GUILLORY, hereinafter styled Plaintiff, complaining of JAMES B. MATSON AND STI LEASING, LLC, hereinafter styled Defendants, and for cause of action against said Defendants would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190.3 discovery control plan (level 2) of the Texas Rules of Civil Procedure.

II.

Pursuant to Rule 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

III.

Plaintiff TEMEIKA GUILLORY currently resides in Beaumont, Jefferson County, Texas. Pursuant to CPRC §30.014, the last three digits of Plaintiff's driver's license number are 214 and the last three digits of her social security number are 298.

1


EXHIBIT D


IV.

Defendant, JAMES B. MATSON, an individual who is a nonresident of Texas and whose home is located at 1030 M St. NW, Miami, OK 74354-2922, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas. *Tex. Civ. Prac. & Rem. Code §§17.062(a), 17.063.*

**SERVICE IS REQUESTED AT THIS TIME.**

Defendant, STI LEASING, LLC, a foreign corporation organized and existing under the laws of Oklahoma, USA, whose home office is located at 14701 South 49th W. Ave., Kiefer, OK, 74041, USA, may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas. *Tex. Civ. Prac. & Rem. Code §§17.044(a)(1), 17.045.*

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about July 17, 2013, in Beaumont, Jefferson County, Texas, Plaintiff TEMEIKA GUILLORY was stopped in the inside lane of the I-10 Service Road waiting to turn left, when Defendant, JAMES B. MATSON, within the course and scope of his employment with Defendant, STI LEASING, LLC, turned left from the outside lane of Walden Road, and slammed into the front passenger side of Plaintiff's vehicle with the trailer of his 18-wheeler as it entered

Plaintiff's lane of traffic. Additionally, Defendant, JAMES B. MATSON was talking on his cell phone at the time of the incident. This negligent incident resulted in the injuries and damages complained of herein.

VI.

The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages, were proximately caused by the negligent conduct of the Defendant driver in one or more of the following respects:

(a) In failing to maintain control of his vehicle as persons of ordinary prudence would have kept under the same or similar circumstances.

(b) In failing to keep such lookout as persons of ordinary prudence would have kept under the same or similar circumstances.

(c) In failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway, in violation of Section 545.351, Texas Transportation Code, such violation constituting negligence per se.

(d) In failing to maintain a single lane of traffic, in violation of Section 545.060, Texas Transportation Code, such violation constituting negligence per se.

(e) In driving a vehicle in a wilful or wanton disregard for the safety of persons or property, in violation of Section 545.401, Texas Transportation Code, such violation constituting negligence per se.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

Further, Plaintiff alleges negligent entrustment against Defendant, STI LEASING, LLC.

VII.

As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff, TEMEIKA GUILLORY has suffered with severe pain and injury to her neck, back, and right hand, with numbness in her hands, muscle spasms, disc protrusions, and soreness to the body in general. That because of such injuries she has suffered the following:

A. Reasonable and necessary medical expense – past

B. Reasonable and necessary medical expense – future

C. Loss of earnings and earning capacity – past

D. Loss of earning capacity – future

E. Physical impairment – past

F. Physical impairment - future

G. Physical pain – past

H. Physical pain – future

I. Mental anguish – past

J. Mental anguish – future

K. Disfigurement – past

L. Disfigurement – future

M. Exemplary damages

N. Property damage

Each of these acts or omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

VIII.

Under Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

X.

Plaintiff says if in the event there were pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the injuries suffered in this collision such conditions were lighted up, aggravated and precipitated.

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendants' judgment for the damages as may be deemed just and fair by the Court, that she has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: <u>/s/Jonathan C. Juhan</u>
JONATHAN JUHAN
SBN: 11047225
jonathanjuhan@sbcglobal.net
J. J. BRAGG
SBN: 00790356
jjbragglaw@att.net
985 I-10 N. Suite 100
Beaumont, Texas 77706
409/832-8877   TELEPHONE
409/924-8880   FACSIMILE

Attorneys for Plaintiff